UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

United States of America

v. Civil No. 11-cv-543-JD

100 Counterfeit CISCO
GLC-SX-MM Computer Parts; et al.

O R D E R

The United States brings a forfeiture action, under 18 U.S.C. § 2323(a)(1) and 19 U.S.C. § 1526(b), against counterfeit computer parts that were seized during an investigation by Immigration and Customs Enforcement ("ICE"). Direct Wholesale International, Inc. ("Direct Wholesale") filed a claim for the computer parts in the forfeiture proceeding and moved to suppress the use of the parts as evidence in that proceeding. The court denied the motion to suppress, and Direct Wholesale moves for reconsideration.

Discussion

"[M]otions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009). A decision may be unjust if "the district court has

misunderstood a party or made an error of apprehension." Villanueva v. United States, 662 F.3d 124, 128 (1st Cir. 2011). A motion for reconsideration will be denied if it is based on new arguments that could have been made, but were not made, before the decision issued. Allen, 573 F.3d at 53; Marks 3 Zet-Ernst Marks GmBh & Co. v. Presstek, Inc., 455 F.3d 7, 15 (1st Cir. 2006).

Direct Wholesale contends that the decision denying its motion to suppress was based on a manifest error of law as to the standard for reasonable cause under 19 U.S.C. § 482. Direct Wholesale argues that reasonable cause standard must be based on "real time suspicion preceding the search" rather than "stale historical facts." Further, Direct Wholesale asserts that the court erred in finding that seizure of the package that arrived on August 8, 2011, was valid under § 482 because the court failed to find that the package held illegal material.

Section 482(a) authorizes ICE officers to inspect incoming international mail if the officer has "a reasonable cause to suspect there is merchandise which was imported contrary to law . . . ." The standard of "reasonable cause to suspect" is less stringent than the probable cause standard. United States v. Ramsey, 431 U.S. 606, 612 (1977). As is explained in the prior decision, the Ninth Circuit has articulated the standard to require that customs officials be "aware of specific articulable facts, together with rational inferences from those facts, that

reasonably warrant suspicion that the package contains illegal material." United States v. Taghizadeh, 87 F.3d 287, 289 (9th Cir. 1996) (internal quotation marks omitted). The First Circuit holds that reasonable suspicion for a "Terry" stop requires more than a mere hunch but less than probable cause" and must be based on "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." United States v. Am, 564 F.3d 25, 29 (1st Cir. 2009).

A. Staleness

Direct Wholesale contends that reasonable cause to suspect, under § 482(a), requires that the officer have "real-time suspicion" based on current events, not based on the officer's knowledge of prior events. It further contends that ICE Special Agent Donald Lenzie suspected that the packages contained counterfeit computer parts based on an ongoing investigation that last discovered counterfeit parts in a package addressed to Direct Wholesale a year before. Based on the lapse of time, Direct Wholesale asserts that Lenzie's information was stale and did not support reasonable cause to suspect as to the new packages.

The United States provided Lenzie's declaration in support of its objection to Direct Wholesale's motion to suppress. In the declaration, Lenzie described the ongoing investigation of

Direct Wholesale for importation of counterfeit computer parts, beginning in 2006. Direct Wholesale filed a reply in which it challenged Lenzie's reasonable cause on the grounds that shipments from China are common, that twenty seizures of shipments associated with Direct Wholesale since 2006 were insignificant without factual context of how many shipments there had been in total, that exigent circumstances were lacking, that there were no unique specifications on the packages, that a letter from a CISCO attorney dated June 23, 2011, postdated the seizure of the March packages, and that the pricing of the parts in the packages was not suspicious.

Importantly, Direct Wholesale did not challenge Lenzie's information as stale. Direct Wholesale does not identify where in its motion or reply it believes it raised the staleness issue for purposes of the motion to suppress. Direct Wholesale cannot succeed on a motion for reconsideration based on a theory or argument that it could have raised but did not raise in support of its motion before the decision denying the motion was issued. See Marks 3 Zet-Ernst, 455 F.3d at 16.

Even if the staleness theory were properly raised, Direct Wholesale has not shown a manifest error of law. Direct Wholesale fails to cite any case to support its staleness theory. Instead, Direct Wholesale argues that in other cases addressing searches pursuant to § 482(a) the agent's cause to suspect was reasonable because it was based on the immediate circumstances and the appearance or characteristics of the packages.

The court addressed those cases in the prior decision. Direct Wholesale is mistaken about the import of the cited cases.

In this case, when Lenzie went to the post office, he knew that Direct Wholesale had received shipments of counterfeit computer parts, including shipments from China, and that in 2007 a search of Direct Wholesale resulted in the seizure of thousands of dollars worth of counterfeit CISCO computer parts. In 2010, Lenzie detained and seized counterfeit CISCO computer parts that were addressed to Direct Wholesale. Given the time sequence, Direct Wholesale has not shown that Lenzie's information was impermissibly stale.

In addition, the packages Lenzie found at the post office raised suspicion based on Lenzie's knowledge of the investigation. The packages were mailed to Direct Wholesale from China which was the source of counterfeit parts seized previously, were similar to previously seized packages that had contained counterfeit computer parts, and contained computer parts as shown by their shipping declarations. Similar circumstances supported reasonable cause to suspect the importation of merchandise contrary to law in Ramsey, 431 U.S. at 614; United States v. Taghizadeh, 87 F.3d 287, 289-90 (9th Cir. 1996); United States v. Connors, 2002 WL 1359427, at *14-*15 (N.D. Ill. June 20, 2002); and United States v. Nguyen, 701 F. Supp. 747, 751 (D. Hawaii 1988).

Direct Wholesale has not shown a manifest error of law in the prior decision with respect to the application of the reasonable cause to suspect standard.

B. <u>August Packages</u>

Direct Wholesale argues that the record does not support a finding that Lenzie had reasonable cause to suspect that the packages seized in August of 2011 contained illegal materials. Direct Wholesale notes that Lenzie identified the computer parts as CISCO brand parts and argues that because CISCO brand parts are not illegal, there was no basis to suspect contraband. Based on Lenzie's prior experience with Direct Wholesale having received counterfeit CISCO brand parts, the brand of the parts in the August packages supported his reasonable cause to suspect they were imported illegally.

## <u>Conclusion</u>

For the foregoing reasons, the claimant's motion for reconsideration (document no. 23) is denied.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

November 8, 2012

cc: Robert J. Rabuck, Esq.
Erin Elizabeth Murphy, Esq.